IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANIS. S. OKAWAKI,<br><br>      Plaintiff<br><br>  vs.<br><br>ROBERT SANCHEZ, aka LARRY MEHAU, SHERI DOLDER, aka MRS. LARRY MEHAU, STATE OF HAWAII JUDICIARY, STATE OF HAWAII STATE HOSPITAL, STEADFAST HOUSING DEVELOPMENT, HONOLULU POLICE DEPARTMENT, STATE OF HAWAII DEPARTMENT OF SAFETY, CITY AND COUNTY OF HONOLULU,<br><br>      Defendants. | CV. NO. 12-00017 DAE-BMK |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND; AND (3) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After considering Defendant City and County of Honolulu's Motion to Dismiss Plaintiff's Complaint, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE**

Plaintiff's Complaint as against all Defendants with leave to amend. The hearing on the motion is hereby vacated.

BACKGROUND

On January 9, 2012, Plaintiff filed a Complaint against Robert Sanchez, "AKA Larry Mehau," Sheri Dolder, "AKA Mrs. Larry Mehau," the State of Hawaii Judiciary, the State of Hawaii State Hospital, the Steadfast Housing Development Corporation, the Honolulu Police Department, the State of Hawaii Department of Safety, and the City and County of Honolulu (collectively "Defendants").[1] ("Compl.," Doc. # 1 at 1.) On January 30, 2012, Defendant City and County of Honolulu filed a Motion to Dismiss. ("Mot.," Doc. # 10.) Plaintiff did not file an opposition.

STANDARD OF REVIEW

I.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. A complaint may be dismissed as a matter

---

[1] On January 18, 2012, Plaintiff filed a document entitled "Amendment to Complaint; Scheduling Conference." (Doc. # 6.) The Court construed this document as a Motion to Appear at the Rule 16 Scheduling Conference By Phone. (Doc. # 8.)

of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences

from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Rule 8

Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint may be dismissed under FRCP 8 if the complaint is "so verbose, confused, and redundant that its true substance, if any, is well disguised." Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 129 S. Ct. at 1949. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

III.   Pro Se Litigants

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). The Court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the

5

plaintiff.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.  (Mot. at 5.)  The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim[s] showing that the pleader is entitled to relief" and "to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. Proc. 8(a)(2), 10(b).  The Court finds that Plaintiff's Complaint, liberally construed, fails to satisfy these requirements.

Plaintiff's 27-page Complaint is confusing, rambling, and disorganized.  As best the Court can discern, the Complaint includes allegations that: (1) Plaintiff's probation officer, Robert Sanchez, is Larry Mehau, "the Godfather of Hawaiian Organized Crime" and works in concert with the Japanese organized crime group, the Yakuza, to "terrorize her life for money ([her] trust) and power in Hawaii," (Compl. at 3–7); (2) Mr. Mehau told Plaintiff that she "must

relinquish all power and financial responsibility of [her] private company and personal trust to Mr. Mehau as part of [her] probation and conditional release" (id. at 9); (3) Mr. Mehau forced Plaintiff to live at the Steadfast Housing group home where one of Mr. Mehau's "boys" threatened to kill her with a samurai sword (id. at 11–13); (4) an Indian state hospital worker, who is part of the Yakuza, engaged in terroristic threatening and gang warfare (id. at 17–18); and (5) Mr. Mehau engaged in federal racketeering when he allegedly cancelled a birthday cake for Plaintiff when Plaintiff was at the State Hospital (id. at 18). Plaintiff also claims that "[t]he new leadershipp [sic] in the State of Hawaii will be the Okawaki Family. . . . [T]he Okawaki Family will be a Monarchy of the Universe." (Id. at 25–26.)

Construing the Complaint liberally, the Court cannot determine the basis of Plaintiff's claims against Defendants. Although Plaintiff labels a section of her Complaint "Federal Racketeering" and makes scattered references to federal racketeering, Plaintiff does not allege the factual elements of a racketeering claim.[2]

---

[2] To succeed on a civil RICO claim, Plaintiff must prove "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally must establish that (5) the defendant caused injury to plaintiff's business or property." Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)); see 18 U.S.C. § 1961.

(continued...)

Indeed, it is difficult, if not impossible, to discern the factual elements of any viable cause of action. For example, Plaintiff alleges that her state convictions and other problems are

> [B]ecause of former Honolulu City Prosecutor Peter Carlisle who was not prosecuting the problems of Hawaii. Mr. Carlisle blames everything on me including life, breath, and air because Mr. Carlisle thinks I am God. . . . Because Mr. Carlisle blamed me and allowed the persecution of me and did not prosecute those who persecuted me, the church, and others, I and others lived for 45 years in pergatory [sic]. . . . Mr. Carlisle never did his job as prosecutor and never helped society at large. Therefore, organized crime leaders like Larry Mehau got away with illegal activity without societal and legal accountability. . . . Because I am an innocent victim (private citizen) who has to do the work of a paid Honolulu City and County employee (prosecutor) to do my civic duty and make society a better and safer place, I am demanding a court ruling of $30 mmillion [sic] in compensatory and punitive damages from the City and County of HOnolulu [sic] ($10 million in compensatory and $20 million in punitive damages).

(Compl. at 20–21.)

Such vague and confusing allegations fail to sufficiently plead a plausible claim. See Hearns, 530 F.3d at 1131 (a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte

---

²(...continued)
Plaintiff also fails to specify which section of RICO Defendants allegedly violated. "[I]t is essential to plead precisely in a RICO case . . . the RICO section allegedly violated." Reynolds v. East Dyer Dev. Co., 882 F.2d 1249, 1251 (7th Cir. 1989), cited by Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1203 (C.D. Cal. 2008).

8

for failure to satisfy Rule 8); McHenry, 84 F.3d at 1180 ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness, and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). A complaint with the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry, 84 F.3d at 1172. Indeed, it is not the Court's responsibility to sort through pages of a rambling narrative to discern—much less speculate— what specific claims and legal theories Plaintiff asserts. Moreover, Plaintiff does not plead with sufficient specificity the relevant circumstances surrounding the alleged events that form the basis of her causes of action. For example, Plaintiff does not specify when the alleged acts occurred.

Further, the Complaint appears to ask the Court to overturn state court decisions, including a request "that my conditional release and my probation be lifted." (Compl. at 17.) As a general rule, the Court may not exercise appellate jurisdiction over state court decisions. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16 (1923). Plaintiffs who believe that state judicial proceedings have violated their

9

constitutional rights must appeal those decisions through the state courts and then to the Supreme Court. See Feldman, 460 U.S. at 482–83; Bennett v. Yoshina, 140 F.3d 1218, 1223 (1998) (noting that "[t]he rationale behind [the Rooker–Feldman doctrine] is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

Because Plaintiff's Complaint fails to comply with Rule 8 and fails to adequately provide Defendants notice of the basis of Plaintiff's claims against them, the Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants, with leave to amend.[3]

Plaintiff may file an amended complaint within 60 days of the filing of this Order[4] that (1) complies with Rule 8's requirement of "simple, concise,

---

[3] Defendant also argues that Plaintiff's Complaint should be dismissed for failure to provide a statement of this Court's jurisdiction as required by Rule 8(a)(1). (Mot. at 5.) Indeed, at the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1). Although Plaintiff's Complaint contains scattered references federal racketeering, these allegations appear to be frivolous and lack merit. If Plaintiff chooses to amend her Complaint she must clearly state a basis for this Court's jurisdiction.

[4] While this Court does not normally permit such a lengthy time period for amendment, in this case, the Court has been advised by Plaintiff's mother that she is currently in State Hospital for the month of March. Therefore, the Court will
(continued...)

10

and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

If Plaintiff chooses to file an amended complaint:

(1) She must clearly state how each named Defendant has injured her. In other words, Plaintiff should explain, in a clear and concise manner, what each Defendant did and how those specific facts create a plausible claim for relief. Plaintiff should not include facts that are not directly relevant to her claims; and

(2) She must clearly state the relief sought and explain the basis of this court's jurisdiction.

(3) She must state her claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).

Plaintiff is further advised that an amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992). The Court will not refer to any previous pleadings to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

---

[4](...continued)
grant Plaintiff additional time.

1987). Failure to amend the complaint and cure the pleading deficiencies will result in dismissal of this action with prejudice.

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint as against all Defendants with leave to amend. The Hearing on the Motion is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 8, 2012.



David Alan Ezra
United States District Judge

Velasco, et al. v. Security National Mortgage. Co., et al., CV No. 10-00239 DAE-KSC; (1) GRANTING DEFENDANT'S MOTIONS TO DISMISS; (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND; AND (3) VACATING THE HEARING

12